# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 19, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| ERIN MARTINELLI, | * | |
| | * | Chief Special Master Dorsey |
| Petitioner, | * | |
| v. | * | No. 15-1209V |
| | * | |
| SECRETARY OF HEALTH | * | Reasonable Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

Maximillian J. Muller, Muller Brazil LLP, Dresher, PA, for petitioner.
Althea Davis, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 15, 2015, Erin Martinelli ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.,[2] (the "Vaccine Act"). Petitioner alleged that she developed Guillain-Barre Syndrome ("GBS") as a result of receiving an influenza vaccination on October 2, 2014. Petition at 2. On January 4, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. Decision dated January 4, 2017 (ECF No. 31).

On June 7, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner's Application ("Pet. App.") dated June 7, 2017 (ECF No. 36). Petitioner requests attorneys' fees in the amount of $15,803.50 and costs in the amount of $951.13, for a total of $16,754.63. Id. at

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses related to the litigation.

On June 26, 2017, respondent filed a response stating that he has no objection to petitioner's motion.  Respondent's Response dated June 26, 2017 (ECF No. 37).  Respondent cautions, however, that his lack of objection "should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." *Id.*

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.[3]

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards a total of $16,754.63 as a lump sum in the form of a check jointly payable to petitioner, Erin Martinelli, and her counsel, Maximillian J. Muller.**

The Clerk of the Court SHALL ENTER JUDGMENT in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] The undersigned cautions that a few of petitioner's paralegal's billing entries appear to bill for administrative work.  Billing for administrative work, such as filing documents and preparing documents for filing, is not permitted in the Vaccine Program.  <u>Rochester v. United States</u>, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services … should be considered as normal overhead office costs included within the attorneys' fee rates"); <u>Mostovoy v. Sec'y of Health & Human Servs.</u>, No. 02-10V, 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).  Petitioner is warned that administrative entries will not be compensated in the future.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.